**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

| | |
|---|---|
| **Nathan Hanam,** | |
| *Plaintiff,* | |
| **v.** | **Case No.** 1:26-cv-03597 |
| **90 Degree Benefits, LLC,** | |
| *Defendant.* | |

## NOTICE OF REMOVAL

Defendant 90 Degree Benefits, LLC ("90DB"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby files this Notice of Removal, removing Case No. 2026CV30728 from the Douglas County District Court, State of Colorado to the United States District Court for the District of Colorado.  As discussed below, removal of this action is proper pursuant to this Court's federal question subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1441, because Plaintiff's claims against 90DB invoke the Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.  In support of its Notice of Removal, 90DB states as follows:

## INTRODUCTION

1. On or about July 8, 2026, Plaintiff Nathan Hanam ("Plaintiff" or "Hanam") filed a civil action styled *Nathan Hanam v. 90 Degree Benefits, LLC*, Case No. 2026CV30728, in the Douglas County District Court, State of Colorado (the "State Court Action").  A true and correct copy of all process, pleadings, and orders in the State Court Action as of the filing of this Notice of Removal are collectively attached hereto as **Exhibit 1**.

1

2.      The Summons and Complaint in the State Court Action were served on 90DB on July 9, 2026 (although it is noted here that 90DB is technically the incorrect defendant in this case, but that issue will be addressed in a Motion to Dismiss if 90DB is unable to address it with Plaintiff once the case is removed).

3.      Because this Notice of Removal is filed within thirty (30) days after service of the initial pleading upon 90DB, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4.      This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims against 90DB invoke this Court's federal question jurisdiction under ERISA.

5.      The United States District Court for the District of Colorado is the federal judicial district embracing Douglas County, Colorado, where this suit was originally filed.  This Notice of Removal is therefore filed in accordance with the venue provisions set out in 28 U.S.C. § 1441(a).

## **FEDERAL QUESTION JURISDICTION**

6.      This Court has federal question jurisdiction over the action because Hanam, as a participant in the Cox Residential LLC health care benefit plan (the "Plan"), seeks recovery of benefits under a health care benefit plan sponsored by an employer, Cox Residential LLC.  The Plan is controlled by ERISA:

a.      In its Complaint, Plaintiff alleges that 90DB breached its obligations under state statute to pay a claim for medical services provided to Plaintiff, who is provided health care benefits through Cox Residential's employee welfare benefit plan. (Compl., ¶¶ 7-8, 24-25). A true and correct copy of the Plan is attached as Exhibit 1 to the Declaration of Paula Hennen. Plaintiff seeks payment of (Compl., ¶ 27).

2

b.      The Complaint alleges that "At all relevant times hereto, Defendant was a third-party administrator for First Health Network." *Complaint,* ¶8. 90 Degree Benefits, Inc.[1] (not 90 Degree Benefits LLC) entered into an Administrative Services Agreement (the "ASA") with Cox Residential LLC to provide Third Party Administrative services for the Plan.  A true and correct copy of the Administrative Services Agreement is attached as Exhibit 2 to the Hennen Declaration. The ASA provides that "the Plan Sponsor is a limited liability company that sponsors a self-funded employee welfare benefit plan (the 'Plan') within the meaning of the Employee Retirement Income Security Act of 1974 ('ERISA'), as amended."

c.      The Plan is a self-funded employee welfare benefit plan established and maintained by Cox Residential LLC as the employer and Plan Sponsor.  The Plan was part of a "plan, fund, or program which was . . . established or maintained by an employer."  29 U.S.C. § 1002(1).  An employer is defined as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan."  *Id*. § 1002(5).  The Plan was established for the purpose of providing medical and prescription drug benefits to eligible employees of Cox Residential LLC and their dependents;

d.      The Plan is therefore an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(1).  The Plan document itself states that "Applicable Law: ERISA" and includes a Statement of ERISA Rights, confirming that it is administered in accordance with ERISA;

---

[1] 90 Degree Benefits, Inc. is the operating entity that is the Third Party Administrator for the Cox Residential LLC Plan. Plaintiff has incorrectly named 90 Degree Benefits, LLC.

3

e.       Hanam's claim is one for recovery of benefits under said employee welfare benefit plan.  Hanam seeks payment of $33,429.20 for medical care received on April 14, 2025, which he alleges is a "covered benefit" under the Plan;

f.       Pursuant to ERISA, 29 U.S.C. § 1132(e), the district courts of the United States have original jurisdiction over actions brought by participants and beneficiaries to recover benefits or other relief under employee welfare benefit plans.

7.       The case is removable under ERISA in that:

a.       Although Plaintiff's claims are couched in the language of Colorado state law—specifically, bad faith delay of payment under C.R.S. § 10-3-1116 and bad faith breach of insurance contract—the United States Supreme Court has held that where Congress so completely preempts a particular area of law, the lawsuit arising under state law becomes federal in character. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).  And the Supreme Court has recognized that the comprehensive remedial scheme established by ERISA is one area where Congress intended to provide for complete or super preemption of state law claims.  *Taylor*, 481 U.S. at 64-67; *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) (noting that causes of action within the scope of § 1132(a) are removable).

b.       Thus, ERISA "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Taylor*, 481 U.S. at 65.

c.       Accordingly, when a plaintiff is seeking relief that could have been brought under § 1132, such as Plaintiff here, that action is completely preempted by ERISA, so that "it, therefore, 'arise[s] under the . . . laws . . . of the United States,' 28 U.S.C. § 1331, and is removable

4

to federal court by the defendant[], 28 U.S.C. § 1441(b)." *Taylor*, 481 U.S. at 67; *Davila*, 542 U.S. at 210.

    d.  In this action, it is clear that Hanam's claims are completely preempted by ERISA. First, Hanam's claims fall squarely within the scope of ERISA § 502(a)(1)(B), as Hanam seeks to recover, *inter alia*, benefits due under an ERISA-governed plan. The Complaint itself confirms that Cox Residential LLC was Hanam's employer (¶6), that Cox Residential LLC provided medical insurance to its employees (¶7), and alleges that 90DB served as the third-party administrator (¶8). Hanam seeks payment of a "covered benefit" ($33,429.20) which is actually a benefit under a self-funded ERISA employee welfare benefit plan. Second, there is no independent legal duty supporting Plaintiff's claims, because those claims arise entirely out of the ERISA-governed Plan and directly relate to the alleged failure to pay benefits under the Plan. Stated differently, the duties upon which Hanam's claims are based cannot exist independently of the Plan. Thus, both prongs of the *Davila* test for complete preemption are met in this case.[2]

  8.  In addition and alternatively, to the extent this Court should determine that any of Plaintiff's claims are not preempted by ERISA, this Court would have supplemental jurisdiction over such claims because such claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

---

[2] This case is also defensively preempted by ERISA as the claims at issue "relate to" an ERISA Plan. *See* 29 U.S.C. § 1144(a); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983) (holding that claims "relate to" an ERISA plan if they have a "connection with or reference to" an employee benefits plan).

9.      This action is therefore one of which the United States District Court for the District of Colorado has original federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441(b), as well as 29 U.S.C. § 1132, and/or supplemental jurisdiction under 28 U.S.C. § 1367, and this action may be removed to this Court by 90DB pursuant to 28 U.S.C. §§ 1441(a) and (b).

10.     The District Courts of the United States are given original jurisdiction over civil actions under ERISA pursuant to 28 U.S.C. § 1331 without respect to the amount in controversy or the citizenship of the parties.  Because this action is clearly preempted by ERISA, it is within this Court's federal question jurisdiction and removable to the United States District Court for the District of Colorado, pursuant to 28 U.S.C. § 1441(a).

## MISCELLANEOUS

11.     A copy of this Notice of Removal is being filed with the Douglas County District Court, State of Colorado, as provided by law, and written notice is being sent to Plaintiff's counsel.

12.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

13.     The allegations of this Notice of Removal are true and correct and within the jurisdiction of the United States District Court for the District of Colorado.

14.     If any question arises as to the propriety of the removal of this action, 90DB respectfully requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

WHEREFORE, notice is hereby given that this action is removed from the Douglas County District Court, State of Colorado, to the United States District Court for the District of Colorado.

Dated:  August 7, 2026

Respectfully submitted,

**MAYNARD NEXSEN PC**

*/s/ Carlos R. Soltero*
Carlos R. Soltero
Colorado Registration No. 41008
csoltero@maynardnexsen.com
2500 Bee Caves Road
Building 1, Suite 150
Austin, Texas 78746
Telephone: (512) 422-1559
Facsimile: (512) 359-7996

***Attorney for Defendant 90 Degree Benefits, LLC***

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 7, 2026, Plaintiff was served with the foregoing Notice of Removal by e-mail.

*/s/ Carlos R. Soltero*
Carlos R. Soltero